UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK T. WORTHY, #199581,

        Petitioner,

v.
        CASE NO. 2:18-CV-13873
        HONORABLE VICTORIA A. ROBERTS

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION FOR AUTHORIZATION TO SUBMIT UNEXHAUSTED CONSTITUTIONAL CLAIMS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Derek T. Worthy ("Petitioner") was convicted of aiding and abetting second-degree murder and first-degree home invasion following a jury trial in the Wayne County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 60 to 120 years imprisonment and 15 to 40 years imprisonment in 2009. In his pleadings, Petitioner raises claims concerning the warrant and complaint, his right to a public trial, the effectiveness of trial and appellate counsel, the sufficiency of the evidence, and the jury instructions.

On January 9, 2019, the Court ordered Petitioner to show cause why this case should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a timely response asserting that the Court should consider his habeas claims on the merits because an external impediment prevented him from timely seeking leave to appeal on direct

appeal in the state courts and because he is proceeding pro se and lacks legal knowledge. Having further reviewed the matter, the Court concludes that the Petition for a Writ of Habeas Corpus is untimely and must be dismissed. The Court also concludes that Petitioner's pending Motion Seeking Authorization to Submit Unexhausted Constitutional Claims must be denied and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.    Procedural History

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, the jury instructions, and the validity of his sentence. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Worthy*, No. 295534, 2011 WL 14468 (Mich. Ct. App. Jan. 4, 2011. Petitioner did not timely appeal that decision to the Michigan Supreme Court. *See* Pet., p. 2.

Petitioner filed a motion for relief from judgment with the state trial court on July 10, 2015 raising claims concerning the warrant and complaint, the state court's jurisdiction, his right to a public trial, his right to testify in his own defense, the swearing of the jury, the jury instructions, and the effectiveness of trial and appellate counsel. The state trial court denied the motion on January 29, 2016. *See* Register of Actions, *People v. Worthy*, Wayne Co. Cir. Ct. No. 09-013374-01-FC. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Worthy*, No. 334040 (Mich. Ct. App. Oct. 12, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Worthy*, 501 Mich. 945, 904 N.W.2d 605 (Dec. 27, 2017).

Petitioner dated his federal Petition for a Writ of Habeas Corpus and his Motion Seeking

Authorization to Submit Unexhausted Constitutional Claims on December 6, 2018. As noted, the Court subsequently ordered him to show cause regarding the timeliness of this case and Petitioner filed a timely response.

**III.    Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals denied leave to appeal on direct appeal on January 4, 2011. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. His convictions thus became final on or about March 1, 2011 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Accordingly, Petitioner was required to file his federal habeas petition by March 1, 2012, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on July 10, 2015. Thus, the one-year period expired well before Petitioner sought post-conviction collateral review in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

---

[1]Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Petitioner, however, is not entitled to have the 90 days added to the limitations period because his failure to timely seek leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

*Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his federal Petition for a Writ of Habeas Corpus until December 6, 2018 – long after the one-year period expired. It is therefore untimely and subject to dismissal.

Petitioner does not assert that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law, but he does assert that the State created an impediment to the filing of this case because he did not receive a timely notice of the Michigan Court of Appeals' decision on direct appeal and thus could not timely appeal to the Michigan Supreme Court. This argument for statutory tolling lacks merit. While the late notice may have precluded Petitioner from timely pursuing a direct appeal with the Michigan Supreme Court, such a delay did not affect his ability to timely seek federal habeas relief. Once Petitioner's convictions became final, he still had one year in which to seek federal habeas relief. To be sure, the United States Court of Appeals for the Sixth "has consistently held that a state-created impediment to a direct appeal in the state court does not invoke the limitations period of § 2244(d)(1)(B) because it is not an impediment to filing a timely federal habeas petition." *Oberacker v. Noble*, No. 18-3589, 2018 WL 4620666, *2 (6th Cir. Sept. 24, 2018 (citing cases); *Winkfield v. Bagley*, 66 F. App'x 578, 582-83 (6th Cir. 2003) (holding that the ineffectiveness of counsel – which caused petitioner to miss the appeal deadline – was not an "impediment" to filing a timely habeas application because "[petitioner] has not alleged that [his attorney] erroneously informed him that he had no federal remedies"); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (the failure to give the petitioner

notice of his appeal rights and to appoint appellate counsel did not constitute a state-created impediment under § 2244(d)(1)(B) because while such action may have interfered with the petitioner's direct appeal in the state courts, it did not preclude him from timely filing a federal habeas petition). Petitioner is not entitled to statutory tolling of the one-year period. His Petition for a Writ of Habeas Corpus is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he or she is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling of the one-year limitations period due to his pro se status and his lack of legal knowledge. The fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)

(illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Furthermore, Petitioner fails to show that he acted diligently in seeking collateral review in the state courts or in seeking habeas relief in federal court. He filed his state court motion for relief from judgment more than four years after his convictions became final (more than three years after the one-year limitations period expired) and filed his federal habeas action more than 11 months after the Michigan Supreme Court denied leave to appeal on collateral review. Petitioner fails to explain why he did not act with more diligence in pursuing his rights and fails to establish that the extended delay in seeking habeas relief arose from circumstances beyond his control. Consequently, he is not entitled to tolling. *See, e.g., Alexander v. Scutt*, No. 11-CV-13841, 2013 WL 1314943, *4 (E.D. Mich. March 29, 2013) (ruling that petitioner was not entitled to equitable tolling based upon trial court's failure to timely appoint appellate counsel because 11-month delay between conclusion of state post-conviction proceedings and filing of federal habeas petition showed lack of diligence and citing *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003)). Petitioner is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577,

588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner neither alleges nor establishes his actual innocence. His argument that his habeas claims have merit does not establish his actual innocence. *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Petitioner is not entitled to equitable tolling based upon actual innocence. His Petition for a Writ of Habeas Corpus is therefore untimely and must be dismissed.

**IV. Conclusion**

Based upon the foregoing discussion, the Court concludes that this habeas action is untimely and that Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus. Given this determination, the Court also **DENIES** the Motion Seeking Authorization to Submit Unexhausted Constitutional Claims.

Before Petitioner may appeal the Court's decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the Habeas Petition is untimely debatable. Accordingly, the Court **DENIES** a COA. The Court further concludes that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2019